**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED | ) | |
|    TRADES INDUSTRY PENSION FUND, | ) | |
| TIM D. MAITLAND, in his official capacity as a fiduciary, | ) | |
| FINISHING TRADES INSTITUTE, | ) | |
| PAINTERS AND ALLIED TRADES LABOR | ) | |
| MANAGEMENT COOPERATION INITIATIVE | ) | |
|    a/k/a Labor Management Cooperation Fund, and | ) | |
| POLITICAL ACTION TOGETHER FUND | ) | |
|    a/k/a/ Political Action Fund | ) | |
| 7234 Parkway Drive | ) | |
| Hanover, MD 21076 | ) | |
| | ) | |
|           Plaintiffs, | ) | No. |
|    v. | ) | |
| | ) | |
| ARCHITECTURAL METAL & GLASS SOLUTIONS | ) | |
|    LIMITED LIABILITY COMPANY | ) | |
| d/b/a ARCHITECTURAL METAL & GLASS SOLUTIONS | ) | |
| 644 Cross Street, Unit 14 | ) | |
| Lakewood, NJ 08701 | ) | |
| | ) | |
|           Defendant. | ) | |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain as follows.

## JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2.      A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

**VENUE**

3.      Venue lies in the District of Maryland under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

**PARTIES**

4.      Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan").

5.      The Pension Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Pension Plan is also known as and referenced as the "Pension Fund" in the Labor Agreements relating to this complaint.

6.      The Annuity Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Annuity Plan is also known as and referenced as the "Annuity Fund" in the Labor Agreements relating to this complaint.

7.      Plaintiff, Tim D. Maitland ("Maitland" and, together with "Fund," "Plaintiffs") is a fiduciary of the Funds within the meaning of 29 U.S.C. §1002(21) with respect to collection of contributions due the Funds and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds

as organizations.

8.      The Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for:

(a)      the Pension Plan,

(b)      the Annuity Plan,

(c)      the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

(d)      the Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), and

(e)      the Political Action Together Fund, which includes the Political Action Together – Legislative and Educational Committee and  Political Action Together – Political Committee (jointly or severally, "PAT Fund").

9.      FTI is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (1), and (3). The FTI maintains its principal place of business and is administered from an office in this district and is also known as and referenced as the "IUPAT FTI" in the Labor Agreements relating to this complaint.

10.      LMCI is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. §186(c)(9). The LMCI is also known as and referenced as the "LMCI" in the Labor Agreements relating to this complaint.

11.      The PAT Fund is an unincorporated association or fund established pursuant to 2 U.S.C. §431 et seq. by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office. The PAT Fund is also

known as and referenced as the "Political Action Fund" in the Labor Agreements relating to this complaint.

12.     The PAT Fund and LMCI maintain their principal place of business and are administered from an office in this district.

13.     The Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, the Annuity Plan, the FTI, the PAT Fund, and LMCI.

14.     The Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds, LMCI and PAT Fund are hereinafter jointly or severally referenced as the "Funds."

15.     Defendant, Architectural Metal & Glass Solutions Limited Liability Company, d/b/a Architectural Metal & Glass Solutions ("Company") is a New Jersey limited liability company and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. The Company does business with the Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Fund office(s) in this district.

## COMMON FACTS

16.     At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement ("Labor Contract") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"). A true and correct copy of the relevant provisions of the Labor Contract is

attached as Exhibit 1.[1]

17.     The Company also signed or agreed to abide by the terms of the Agreement and

Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and

employee representatives in an industry(ies) affecting interstate commerce to promote stable and

peaceful labor relations, and the plan documents for the Fund.  A true and correct copy of the

Trust Agreement for the Fund is attached as Exhibit 2. True and correct copies of the cover page,

table of contents, §§ 3.08, 10.07, 10.08, and 10.11 and signature page of the Pension Plan are

attached as Exhibit 3.

18.     Under the Labor Contracts, Trust Agreement, plan documents of the Fund or

other documents, the Company agreed:

(a)     To make full and timely payment on a monthly basis to the Funds,

as required by the Labor Contract, Trust Agreement and plan documents. Ex. 1, pp. 19-20 (Art

XIV, § 14.5); Ex. 2, p.15 (Art.VI, § 2); Ex. 3, § 10.07.

(b)     To file monthly remittance reports with the Funds detailing all

employees or work for which contributions were required under the Labor Contracts. Ex. 1, p. 19

(Art. XIV, §14.5); Ex. 2, pp.15-16 (Art.VI, §§ 3, 5).

(c)     To produce, upon request by the Funds, all books and records

deemed necessary to conduct an audit of the Company's records concerning its obligations to the

Fund and to pay the cost of the audit if found to be delinquent or in violation of the Trust

Agreement or Plan. Ex. 1, p. 21 (Art. 16, § 16.3(B)); Ex. 2, pp.16-17 (Art.VI, § 6).

(d)     To pay liquidated damages, interest, audit costs, and all costs of

litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a

---

[1] Exhibit 1 includes the cover page, table of contents, duration clause and signature page of the
2011-2014 Labor Contract and the full 2014-2017 Labor Contract.

consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b), and (c). Ex. 1, p. 20 (Art. XIV, § 14.5(B)); Ex. 1, p. 21 (Art. 16, § 16.3(B); Ex. 2, pp. 16-17 (Art.VI, §§ 4, 6); Ex. 3, §§ 10.07, 10.11.

19.     On or about July 6, 2017, Plaintiffs and Company entered into a settlement agreement ("Settlement Agreement") to resolve Company's delinquency owed the Plaintiffs. A copy of the Settlement Agreement is attached as Exhibit 4.[2]

20.     Under the terms of the Settlement Agreement, Company was required to make twenty-four (24) monthly installment payments payable to the Pension Fund beginning August 1, 2017. Ex. 4, ¶3. Each installment payment included principal, interest on the declining balance at an annual rate of twelve (12) percent, and a processing fee. Ex. 4, ¶3.

21.     Company made ten (10) installment payments to the Pension Fund.

22.     Company defaulted on its June 2018, July 2018, August 2018, and September 2018 installment payments. Plaintiffs' Counsel sent default notices in accordance with the Settlement Agreement but Company failed to cure those defaults.

23.     Under the terms of the Settlement Agreement, Company owes the Funds the balance of the Settlement agreement plus interest from the date of default.

24.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

**COUNT I - CONTRIBUTIONS UNDER SETTLEMENT AGREEMENT**

**PLAINTIFFS**
**v.**
**DEFENDANT**

25.     The allegations of Paragraphs 1 through 24 are incorporated by reference as if

---

[2] The Settlement Agreement required Company to execute a Promissory Note and Warrant of Attorney to Confess Judgment (Settlement Agreement Exhibits 2 and 3), but Company did not return executed copies of Settlement Agreement Exhibits 2 and 3.

fully restated.

26.     The Defendants have not paid the Funds as required by the Settlement Agreement in at least the sum of $19,418.76, as detailed in Exhibit 5.

27.     Plaintiffs have been damaged as a proximate result of Defendants' breach of the Settlement Agreement.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the Defendant and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract, Trust Agreements, and Settlement Agreement.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

**ERISA FUNDS**
**v.**
**DEFENDANT**

28.     The allegations of Paragraph 1 through 27 are incorporated by reference as if fully restated.

29.     Based on information currently available to the ERISA Funds, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from January 2013 through August 2015 in at least the sum of $8,257.07 in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 4.

30.     The ERISA Funds are adversely affected and damaged by the Company's

violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PLAINTIFFS
### v.
### DEFENDANT

31.     The allegations of Paragraphs 1 through 30 are incorporated by reference as if fully restated.

32.     The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the ERISA Funds.

33.     Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements, and Plan from January 2013 through August 2015 in at least the sum of $8,514.81, as detailed on the attached Exhibit 5.

34.     Plaintiffs have been damaged as a proximate result of the breach of Labor

Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the Company and in favor of Plaintiffs, for the

benefit of the Funds, for the sum certain currently due plus any additional amounts which

become due and owing during the pendency of this litigation or as a result of an audit together

with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this

action or the collection or enforcement of any judgment, as provided in the Labor Contract and

Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just,

necessary or appropriate.

Respectfully submitted,

November 29, 2018                        /s/ Judith Sznyter
Date                                     JUDITH SZNYTER
                                         Bar No. 29743
                                         Jennings Sigmond, P.C.
                                         1835 Market Street, Suite 2800
                                         Philadelphia, PA 19103
                                         Phone: (215) 351-0641
                                         Fax: (215) 922-3524

                                         Maureen W. Marra*
                                         Jennings Sigmond, P.C.
                                         1835 Market Street, Suite 2800
                                         Philadelphia, PA 19103

                                         Attorneys for Plaintiffs

*Application for *Pro Hac* Admission of Maureen W. Marra shall be made at the appropriate
time.