IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INTERNATIONAL PAINTERS AND        :
ALLIED TRADES INDUSTRY PENSION
FUND, et al.                      :

    v.                            :   Civil Action No. DKC 18-3656

                                  :

ARCHITECTURAL METAL & GLASS
SOLUTIONS LIMITED LIABILITY       :
COMPANY d/b/a Architectural
Metal & Glass Solutions, et al. :

**MEMORANDUM OPINION AND ORDER**

Presently pending is Plaintiffs' Supplemental Supplement to their Brief in Support of Plaintiffs' Motion for Judgment by Default Pursuant to Federal Rule of Civil Procedure 55(b)(2), (ECF No. 20), as directed by this Court's Order dated April 13, 2020 ("Order") (ECF No. 19).

In the memorandum opinion preceding the Order, the court stated the following:

> Counsel was recently advised, by virtue of the Report and Recommendation of Magistrate Judge Coulson, adopted without objection by Judge Hollander, that their methodology for justifying an attorneys' fee award was unacceptable. Counsel are directed to recalculate and substantiate any amount requested in line with Judge Coulson's opinion. [*Int'l Painters & Allied Trades Indus. Pension Fund v. Finch Indus. Coatings LLC*, No. 18-CV-02333-ELH, 2019 WL 6044197, at *6-8 (D. Md. Nov. 15, 2019)].

(ECF No. 18, at 10-11).

Plaintiffs' counsel has not, however, remedied their methodology "in line with Judge Coulson's opinion." Rather, Plaintiffs' counsel has merely reduced the billing rate of two attorneys by $25 an hour. (ECF No. 20, at 2). In his *Finch Indus. Coatings* opinion, Judge Coulson did not so much take issue with the top billing rate of Plaintiff's counsel as he did with "why so many hours were expended on a case which, eventually, was resolved on a Default Judgment[.]" *Finch Indus. Coatings LLC*, No. 18-CV-02333-ELH, 2019 WL 6044197, at *8. There, counsel sought attorney's fees for 68.3 hours of billable work, an amount the court found unreasonable. *Id*. Here, while the total amount Plaintiffs seek is lower, Plaintiffs' counsel seek attorney's fees for 74.1 hours of billable work on a highly similar matter, which has also resulted in a default judgment. (ECF No. 17-10). Judge Coulson found the total amount of hours spent unreasonable "given that there was nothing unusual about this case, the nature of the legal issues, or the procedural posture to warrant such extensive time and cost." *Id*. at *8. In further support of his view that the number of hours billed for such a matter was unreasonable, Judge Coulson endeavored to exclude "excessive and duplicative charges[.]" *Id*. at *9.

This court shares Judge Coulson's concerns regarding the total number of hours billed to a relatively simple matter. Without further justification, this court will not award 74.1 hours

of attorney's fees – even at counsel's slightly reduced rate. Plaintiffs' counsel will be given a final opportunity to "recalculate and substantiate any amount requested in line with Judge Coulson's opinion." In so doing, Plaintiffs' counsel is advised either to remove or justify any charges similar to those which Judge Coulson previously found to be excessive and duplicative. Should Plaintiffs' counsel again fail to adjust their methodology in line with Judge Coulson's opinion, the court will reduce the sought-after award of attorney's fees by 75%.

For the reasons set forth in the foregoing Memorandum Opinion, it is this 19th day of May, 2020, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs are directed to recalculate and resubmit their request for attorney's fees in accordance with the directions of Magistrate Judge Coulson in *International Painters & Allied Trades Industry Pension Fund*, 2019 WL 6044197, within 28 days; and

2. The clerk will transmit a copy of this Memorandum Opinion and Order to counsel of record.

                                                   /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge